AO 243
REV 6/82

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District |
| --- | --- |
| Name of Movant | Prisoner No. | Docket No.<br>02-393-27   (PG) |
| Place of Confinement | | |

FCI Fort Dix (East), P.O. Box 2000/Unit 5752, Fort Dix, NJ 08640

UNITED STATES OF AMERICA                    V.

(include name upon which convicted)

(full name of movant)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack _____

   United States District Court, District of Puerto Rico

2. Date of judgment of conviction ___ November 7, 2003

3. Length of sentence ___ 108 months in prison

4. Nature of offense involved (all counts) ___ Count 1 Title 21, Section 846, Conspiracy to Possess with the Intent to Distribute and Distribute at least three and one half (3.5) but less than five (5) Kilograms of cocaine, a Class "B" Felony.  Count 2.  Title 21, Sections 853(a)(1) and (2) Narcotics Forfeiture.

5. What was your plea? (Check one)
   (a) Not guilty            ☐
   (b) Guilty                **XXX**
   (c) Nolo contendere   ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   Pled to Count 1, Count 2 was dismissed as I had no assets.

6. Kind of trial: (Check one)
   (a) Jury            ☐   **N/A**
   (b) Judge only   ☐   **N/A**

7. Did you testify at the trial?
   Yes ☐ No ☐   **N/A**

8. Did you appeal from the judgment of conviction?
   Yes ☐ No **XXX**

(2)

AO 243
REV 6/82

9. If you did appeal, answer the following:

(a) Name of court ___N/A___

(b) Result ___N/A___

(c) Date of result ___N/A___

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No XXX N/A

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court ___N/A___

(2) Nature of proceeding ___N/A___

_____

(3) Grounds raised ___N/A___

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No XXX N/A

(5) Result ___N/A___

(6) Date of result ___N/A___

(b) As to any second petition, application or motion give the same information:

(1) Name of court ___N/A___

(2) Nature of proceeding ___N/A___

_____

(3) Grounds raised ___N/A___

_____

_____

_____

_____

(3)

AO 243
REV 6/82

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No **XXX N/A**

(5) Result **N/A** _____

(6) Date of result **N/A** _____

(c) As to any third petition, application or motion, give the same information:

(1) Name of court **N/A** _____

(2) Nature of proceeding **N/A** _____

_____

(3) Grounds raised **N/A** _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No **N/A XXX**

(5) Result _____

(6) Date of Result **N/A** _____

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc.     Yes ☐ No **XXX N/A**
(2) Second petition, etc.   Yes ☐ No **XXX N/A**
(3) Third petition, etc.    Yes ☐ No **XXX N/A**

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

**N/A** _____

_____

_____

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.
CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.
For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(4)

AO 243
REV 6/82

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Conviction obtained by plea of guilty which was not made with a Full understanding of the nature of the charges and/or the consequences of the plea.

Supporting FACTS (tell your story *briefly* without citing cases or law): Counsel was present upon the signing of petitioner's binding plea agreement. Counsel listened to the government's rendition of the plea agreement. The binding plea "recommendation" was for me to receive an offense level 29, based on a "guideline range of 87-108 months". Counsel advised Petitioner that the sentence was only a "recommendation". Counsel assured Petitioner that he would ultimately receive a sentence of 87 months at the low end of his guideline range due to his first time, non-violent offender status. This confused me, as the government clearly indicated that: "In this case, the parties agree to 'recommend' a term of imprisonment of one hundred and eight (108) months". However, I took counsels advice and signed the agreement.

B. Ground two: Conviction obtained by a violation of the protection against double jeopardy.

Supporting FACTS (tell your story *briefly* without citing cases or law): During the plea agreement and Rule 11 hearing Petitioner's Counsels' advice also was that I could not be charged with the 2 level supervisor enhancement and the high end of my guidelines (108 months), as the first punishment would negate the second. Counsel stated that the two (2) level supervisor Role would address the seriousness of his crime, thereby leaving the court free to adopt the low end of his guideline range.

C. Ground three: Conviction obtained by ineffective assistance of counsel during all phases of representation.

Supporting FACTS (tell your story *briefly* without citing cases or law): As stated in Grounds One and Two, Counsel was ineffective during plea negotiations and the Rule 11 hearing by offering bad advice that convinced Petitioner to plead guilty. On his PSI objections and during sentencing counsel never delineated Petitioner's relevant conduct being fully addressed by his 2 level supervisor role warranting the court's descretion to sentence him to the low end of his guideline range. He only addressed the two level weapons enhancement.

AO 243
REV 6/82

D. Ground four: Counsel was ineffective upon direct appeal by failing to perfect a direct appeal as requested.

Supporting FACTS (tell your story *briefly* without citing cases or law): There was no waiver of appellate rights in Petitioner's binding plea agreement, therefore counsel was ineffective post sentencing when the court advised Petitioner that: "I have to advise you that you can appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary or if there was some other fundamental defect in the proceedings that was not waived by your guilty plea (See Sentencing, pg 10, L 3-15).", and I instructed counsel at sentencing to file a notice of appeal and he failed to do so.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: Counsel was ineffective for not raising Grounds 1-4, at any time.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No XXX N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing ___Jose Fernando Irizarry, Esq.___

(b) At arraignment and plea ___Same___

(c) At trial ___N/A___

(d) At sentencing ___Same___

AO 243
REV 6/82

(e) On appeal __N/A_____

_____

(f) In any post-conviction proceeding __N/A_____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding __N/A_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No☒☒☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒☒☒

(a) If so, give name and location of court which imposed sentence to be served in the future: __N/A_____

_____

_____

(b) Give date and length of the above sentence: __N/A_____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒☒☒ N/A

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__21· 10· 04_____
(date)

_____
Signature of Movant

(7)

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF PUERTO RICO

[27] Domingo Rodriguez    )

    Petitioner    )   CIVIL NO. _____

                      CRIMINAL NO. 02-393-27 (PG)

v.    )

United States of America,    )

    Respondent    )

---

MOTION AND MEMORANDUM OF LAW

IN SUPPORT OF 28 U.S.C. §2255

---

Comes now, Petitioner, Domingo Rodriguez , filing
pro se a motion pursuant to 28 U.S.C. §2255, and would state
the following for the record:

1. **JURISDICTION:** Jurisdiction is in the sentencing
court in the District of Puerto Rico, pursuant to 28 U.S.C.
§2255 and 18 U.S.C. §1331.

2. **PROCEDURAL HISTORY:** Petitioner was arrested in the
instant case and pled guilty to Count One of a two count
indictment. Defendant pled guilty pursuant to a stipulated
binding plea agreement stating that: "The Defendant agrees
to plead guilty to the indictment. Count One charged the
Defendant with willfully, knowingly, intentionally and
lawfully conspiring, confederating and agreeing with others

to possess with intent to distribute Five (5) Kilograms or
more of cocaine, and/or 50 Grams or more of cocaine base
(crack), both Schedule II National Drug Controlled Substances.
All in violation of Title 21 U.S.C. §§841(b)(1)(a) and 846.

The binding plea agreement stated a role in the offense
indication of a warranted supervisor position, increased the
sentence two (2) levels and negated a safety valve provision,
despite Petitioner being a non-violent first time offender.

The binding plea recommended a sentence recommendation
of an offense level 29, with a guideline range of 87-108 months.
Despite Petitioner's attorney assuring him that he would
ultimately receive a sentence of 87 months on the low end of
his guideline range, the government clearly stated in the plea
agreement that:  "In this case, the parties agree to a recommended
term of imprisonment of one hundred and eight (108) months.

Petitioner's counsel assured him that at sentencing the
judge would take his first time offender status into account
and give Petitioner the low end of the guidelines or 87 months,
despite what the plea agreement stated.  Counsel told Petitioner
that, as his plea agreement stated, the judge was <u>not</u> bound
by the plea agreement.  So Petitioner signed the plea agreement
with this thought in mind.

Rule 11 hearing was uneventful with the judge clearly
stating that he was not bound by the plea agreement, sentencing
guideline calculations, stipulations or sentencing recommendations.

-2-

Petitioner took this to mean that his counsel was right during the plea agreement and that he would be receiving 87 months in federal prison for his crimes (See, Rule 11, page 8, L. 21-25).

Clearly the court stated that Petitioner's sentencing exposure was to be: "A total offense level of 29 with a criminal histroy category of one, provides a guideline range of . . . 87 to 108 months." (See, Rule 11, page 10, L 2-5).

The court went on to state that: "That is your criminal history is one then the government and you agree that you will recommend to this court that you be sentenced to 108 months, correct? The Defendant clearly stated in response: "Yes, From 87 to 108." The court replied that: "The recommendation would be 108 months. Do you understand that? The defendant replied: "Yes." (See, Rule 11, page 10, L 11-20).

The Pre Sentence Report held no surprises and is a reiterated position of what Petitioner believed, except for a weapons enhancement that counsel objected to on his repsonse to the PSI and again at sentencing, which counsel prevailed in eliminating the weapons charge.

During sentencing the court went over the same rendition of guidelines applications concerning 2 level supervisor role and the 3 level decrease due to acceptance of responsibility. The court reiterated: "A total offense level of 29, and a criminal history of 1, the guideline imprisonment range is 87

-3-

to 108 months.  The fine range and the supervised release of
4 years."  (See Sentencing, page 8, L 3-20).

Then the court pronounced sentence of 108 months at
the top end of the guideline range without utilizing the
courts judgment to sentence Petitioner to 87 months, considering
his non-violent first time offender status.

Petitioner immediately instructed counsel to file a
notice of appeal and perfect a direct appeal as the court
advised Petitioner, yet counsel failed to fullfill these
requests.

As such this 28 U.S.C. §2255 motion is being filed to
address counsel's inadequacies.

3.  __ARGUEMENT AND MEMORANDUM OF LAW:__  As grounds for the
instant appeal, Petitioner would proffer the Supreme Court's
position in Strickland v. Washington, 466 US 668 1984, in
addressing both cause and prejudice to reach his standard for
ineffective assistance of counsel.  A cause of action for
ineffective assistance of counsel is grounded in the Sixth
Amendment's Right to Counsel and the Proteciton of the
Fundamental Right to a Fair Trial.  See Strickland, Supra.;
Lockhart v. Fretwell, 506 US 364 (1993).

In Stickland, the Supreme Court established the standard
for determining ineffectiveness of counsel in criminal proce-
dures.  466 U.S. 668. There the court held that "The proper
standard for attorney performance is that of reasonably

-4-

effective assistance" based on the circumstances surrounding
counsel's actions. Strickland, 466 at 687. Consequently, the
court advanced a two prong test, where both prongs must be
satisfied; in order to suceed on a claim for ineffective
assistance of counsel.

In the First Prong, a Defendant must establish that coun-
sel's representation fell below an "objective standard of
reasonableness." Strickland, 466 at 687-688. A Defendant
must show that counsel "made errors so serious that counsel
was not functioning as the 'counsel' guaranteed to a defendant
by the Sixth Amendment." Id.

Pursuant to the Second Prong, a Defendant must show
that the deficient performance prejudiced the defense. Id.
In order to demonstrate a perceived prejudice, a defendant
must establish "a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have
been different." Id. at 694. "A reasonable probability is
a probability sufficient to undermine confidence in the
outcome." Id.

In general, a defendant's counsel is deemed effective if
his performance is reasonable under prevailing norms. In
Strickland, the court explained that "judicial scrutiny of
counsel's performance must be highly deferential" because the
court operates under a "strong presumption that counsel's
conduct falls within the wide range of reasonable professional

assistance." Id. at 689.

The general consensus among District Courts has "read Strickland as requiring to decide first whether the assumed deficient conduct of counsel prejudiced the defendant" to determine whether, but for the assumed deficient conduct, the result of the proceeding would have been different. Moreover, with respect to the prejudice prong as a threshold matter, "where a defendant enters a plea of guilty on the advice of counsel, the voluntariness of the plea depends on whether there is a reasonable probability that, but for counsel's errors, a defendant would have proceeded to trial instead of pleading guilty". See Hill v. Lockhart, 474 US 52 (1985). Thus, in accordance with the prejudice prong of Strickland, the court must find a reasonable probability that, but for counsel's errors, petitioner would have pleaded not guilty, proceeded to trial, and/or "obtained a different sentence", thus clearly establishing prejudice, by showing that "he did not understand the consequences of his plea, that, if he had been properly advised, he would not have pled guilty. See Peguero v. United States, 526 US 23, 27 (1999).

As such, Petitioner avers that he can reach this high standard in the case at bar by presenting his four (4) issues.

**A.   GROUND ONE:** Conviction obtained by plea of guilty, which was not made with the full understanding of the nature of the charges and the consequences of the plea.

-6-

Petitioner's counsel was present upon the signing of Petitioner's binding plea agreement. Counsel listened to the government's rendition of the plea agreement. The binding plea "recommendation" was for Petitioner to receive an offense level 29, based on a "guideline range of 87-108 months". Counsel advised Petitioner that this sentence was only a "recommendation". Counsel assured Petitioner that he would ultimately receive a sentence of 87 months at the low end of his guideline range due to his first time, non-violent offender status. This confused him, as the government clearly indicated that: "In this case, the parties agree to 'recommend' a term of imprisonment of one hundred and eight (108) months." However, Petitioner took counsel's advice and signed the agreement instead of facing "life" in prison.

Perhaps Petitioner failed to clarify his understanding of the plea agreement's references to "guideline range" and "recommendations", but he was afraid to proceed to trial as the government had already told him that if he didn't plead guilty that he would get life in prison. This point was clearly addressed in Fountaine v. U.S., 411 US 213 (1973), in that the Supreme Court held that: "Petitioner who pled guilty to bank robbery and later filed a 2255 motion stating that his plea had been induced by a combination of fear . . . was entitled to an evidentiary hearing on his 2255 motion".

As such, the "Fear Factor" could be the end of the

-7-

inquiry.  However, Petitioner would aver that counsel was
ineffective for his failure to advise Petitioner that the
"life" sentence would also only have been a "recommendation".
Furthermore, counsel failed to clarify for Petitioner the
purpose of "guideline range" and "recommendations" to the
court by advising Petitioner that he could receive the low end
of his guideline range considering his first time offender
status.

The Third Circuit addressed this very issue in United
States v. Day, 969 F3d 39 (3rd Cir. 1992), the Third Circuit
determined whether the appellant's trial attorney's represen-
tation during plea negotiations was deficient, stated that
"because the sentencing guidelines have become a critical,
and in many cases, dominant factor of federal criminal pro-
ceedings, we can say, however, that familiarity with the
structure and basic content of the guidelines . . . has
become a necessity for counsel who seek to give effective
representation."  It follows that not only must counsel be
familiar with the guidelines and their applicability, counsel
must be fuly appraised of the governments case in order to
give effective representation.

The court, in Day also stated that " . . . a defendant
has the right to make a reasonably informed decision whether
to accept a plea offer."  Day at 43, citing Hill v. Lockhart,
474 US 52 (1985); Von Moltke v. Gillies, 332 US 708 (1948).

-8-

And, that knowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty". Day at 43, citing Williams v. State, 605 A.2d 103 (MD. 1992). This concept should now extend to informing defedants of the possible difference between the plea guidelines, relevant conduct, and that may appear in the PSI.

In the instant case counsel deprived Petitioner of his right to have full knowledge of the "life" sentence that he was facing. He failed to advise Petitioner of the definition and application of the "Guideline Range", "recommendation" and judicial finding pertaining to his high end guideline sentence of 108 months, as opposed to his low end guideline of 87 months.

B. **GROUND TWO:** Conviction obtained by a violation of the protection against double jeopardy.

During both the plea agreement signing and Rule 11 hearing, Petitioner's counsel's advice also was that he could not be charged with the 2 level supervisor enhancement and the high end of my guidelines (108 months), as the first punishmement would negate the second. Counsel stated that the two (2) level supervisor role would address the seriousness of his crime, thereby leaving the court free to adopt the low end of his guideline range.

The Double Jeopardy Clause of the Fifth Amendment states:

-9-

"nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb," which basically means that a person can not be tried or punished for the same offense twice. The Double Jeopardy Clause was defined by the Supreme Court as three seperate constitutional protections.  It protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against "multiple punishments for the same offense."  See North Carolina v. Pearle, 395 US 711 (1969).

Petitioner's double counting claim posits that the departure upward for his supervisor role or the highend of the guidelines (108) months was warranted as one or the other but not both.  In the plea agreement and during the Rule 11 hearing the government stated that the supervisor role was warranted, as stated by Petitioner's counsel to Petitioner during plea signing and Rule 11.

If that is the case either the departure factor relied upon by the district court at sentencing was already addressed and the highend of the guidelines (108) months was not warranted or the highend, (108) months, of Petitioner's guideline sentencing range was warranted and the departure factor was not warranted considering that the severity of the crime, related factors and petitioner's conduct was already addressed. See U.S. v. Sanchez, 354 F3d 70, 78 (1st Cir. 2004).

-10-

As stated by the First Circuit in Sanchez, this concept
is at least arguable that this can be construed as double
counting.  See United States v. Barber, 119 F3d 276, 280-81
& n.3 (4th Cir. 1997).

Moreover, as Petitioner has stated above, counsel's
theory on the Double Jeopardy/Double Counting was flawed and
not accepted by the court, as counsel failed to present it and
merely utilized this arguement to convince Petitioner to plead
guilty.

    C.  **GROUND THREE:**  Conviction obtained by ineffective
assistance of counsel during all phases of representation.

As stated in Grounds One and Two, counsel was ineffective
during the plea negotiations as he relied on Petitioner's first
time, non-violent offender status being considered by the sent-
encing court to give Pettioner the low end of his guideline
range.  Counsel was further ineffective at the Rule 11 hearing
in advising Petitioner that he could not receive the supervisor
role and the highend of his guideline range, only one or the
other.

During counsel's PSI objections he was ineffective for
only addressing the two level weapons enhancement and not the
first time, non-violent offender arguement nor the Double
Jeopardy/Double Counting arguement.

Sentencing was merely a formal rendition of counsel's
written PSI objections and counsel was ineffective for failing

-11-

to raise the two mitigating arguements mentioned above.

The Eleventh Circuit addressed this concept in <u>Blanco</u> <u>v. Singletary</u>, 943 F2d 1477 (11th Cir. 1991):  "Counsel's less than vigilent approach to the protection of their client's confidences and the haphazard and desultory efforts made by counsel to secure mitigation evidence resulted in representation that fell below any objective standard of reasonableness.  This combination of attorney errors leads us to conclude that Blanco was severly prejudiced during the penalty phase of his trial and is due a new sentencing."

As indicated above, Petitioner was "severely prejudiced" at sentencing due to counsel's failure to pursue his proposed low end guideline issue and his Double Jeopardy/Double Counting issue.

In <u>Salas v. U.S.</u>, 996 F.Supp. 826 (E.D. 111 1998), "Defendant filed a §2255 motion claiming ineffective assistance of counsel because his attorney (a) misinformed him of the ultimate sentence attached to his guilty plea; (b) Failed to properly investigate the sentencing guidelines; and lured him into pleading guilty with erroneous information."

In Petitioner's case counsel did much the same thing. During the signing of the binding plea agreement and the Rule 11 hearing, counsel sold Petitioner a "DREAM" that failed to become a reality due to counsel's failure to raise the two mitigating issues delineated above at Petitioner's sentencing.

-12-

As such, counsel's performance fell below a reasonably objective standard of representation guaranteed by the Sixth Amendment of the United States Constitution and prejudiced Petitioner's proceedings, leaving a reasonable probability that the outcome of Petitioner's case would have been different if not for counsel's poor representation.

**D.** **GROUND FOUR:** Counsel was ineffective upon direct appeal by failing to perfect a direct appeal as requested.

There was no waiver of appellate rights in Petitioner's binding plea agreement, therefore counsel was clearly ineffective post sentencing when the court advised Petitioner that: "I have to advise you that you can appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary or if there was some other fundamental defect in the proceedings that was not waived by your guilty plea (See Sentencing, page 10, L 3-15)." I instructed counsel after sentencing to file a notice of appeal. Counsel said that he would but never did.

Counsel never filed a Rule 42B F.R. APP. P. motion with the court nor filed an Anders no merits brief pursuant to Anders v. California, 386 US 738 (1967). The United States Court of Appeals for the Ninth Circuit held that: "Anders, together with Douglas v. California, 372 US 353 (1963), which held that states must provide appointed counsel to indigent criminal defendants on appeal, "set forth the exclusive

-13-

procedure through which appointed counsel's performance can pass constitutional muster.  152 F3d 1062, 1066 (1998).

These actions or inactions, as it were, failed to alert Petitioner that counsel (1) Did not file notice of appeal; (2) Did not perfect an appellate brief; (3) Prejudiced Petitioner by not alerting him to the fact that there would be no appeal; and (4) allow Petitioner to respond to a properly filed Anders no merits brief.

The Eleventh Circuit addressed this issue in Martin v. United States, 81 F3d 1083 (11th Cir. 1996), "Failure to file a notice of appeal when requested by defendant, constituted ineffective assistance of counsel.  Under the guidelines, a defendant has the right to directly appeal his sentence even though he 'pleaded guilty'.  Because a defendant has the right to directly appeal a sentence pursuant to the sentencing guide-lines, the defendant is precluded from raising guideline issues in collateral proceedings under §2255.  Thus, under the guidelines, a defendant is prejudiced where his attorney fails to file an appeal after being requested to do so, even without showing whether or not there are any viable grounds for such an appeal." See Also, Monemoino V. U.S., 68 F3d 416, 417 (11th Cir. 1995).

As such, it is clear from the above case cite and referenced statements about Petitioner's two mitigating guidelines issues that counsel prejudiced Petitioner's sentencing issues and direct appeal thereby robbing Petitioner of his

-14-

constitutional rights under the Sixth Amendment to counsel
on direct appeal.

The courts have clearly spoken on this issue.  The
conservative court for the Fourth Circuit Court of Appeals
has held that:  "Where counsel is requested to appeal but
fails to do so, the prescribed remedy is to vacate the or-
iginal judgment and enter a new judgment from which an
appeal can be taken.  See, United States v. Peak, 992 F3d
39, 42 (4th Cir. 1993).

This Honorable Court should not be focusing on the fact
that it would be giving Petitioner what amounts to a second
bite at the proverbial appellate apple.  Petitioner would
respectfully aver that the focus should be on the ineffective
assistance of counsel, resulting prejudice, and forever being
able to raise Petitioner's two mitigating sentencing issues
which are guidelines in nature and the constitutional violations
derived there from.

In Evitts v. Lucey, 469 US 387, 391-405 (1985), the
Supreme Court held that:  "An attorney's failure to perfect
an appeal, is per se ineffective assistance of counsel, ir-
respective of the merits of the appeal."  See, Id. 391-405,
Supra.

Furthermore in Smith v. Robbins, 145 L.Ed.2d 756, 790
(2000), which held that:  "A complete absence of counsel is
a reversible violation of the basic constitutional right to

representation, even when there is no question that at the
end of the day the smartest lawyer in the world would have
watched his client being led off to prison.  (Quoting)
United States v. Cronic, 80 L.Ed.2d 657, 658-59 (1984) and
Rodriguez v. United States, 23 L.Ed.2d 340 (1969) (See Robbins
Supra. at 790).

     As such, there can be no question that counsel's
performance prejudiced Petitioner on direct appeal and fell
into the description of deficient, ineffective performance of
appellate counsel thereby violating his clients Sixth Amendment
Rights and forever barring him from raising his mitigating
factors as pertaining to his guidelines issues.

     Even the Solicitor General deferred to the position that:
"Section 2255 Petitioner's alleging claims of ineffective
assistance of counsel not raised on direct appeal may do so
even absent a showing of cause and prejudice if . . .
(2) The claim is not based solely on the record developed at
trial."   As adopted by the Second Circuit in Billy Eko v.
United States, 8 F3d 111, 114-115 (2nd Cir. 1993).

     As such, it is clear that Petitioner's instant §2255
filing to request an:  (1) evidentiary hearing; (2) Ruling on
the merits of his low end of his guideline range (87 months)
due to his first time non-violent offender status; (3) Ruling
on his Double Jeopardy/Double Counting issue on his receipt
of both the enhancement for his supervisory role and his

-16-

highend of his guideline range (108) months, not being presented at sentencing, and (4) his counsel's failure to file a: (a) Notice of Appeal; (b) a Direct Appeal or, (c) An Anders no merits brief, severely prejudiced Petitioner and should be addressed at an evidentiary hearing. See, Peak Supra.

4. **CONCLUSION:** For all of the meritorious reasons listed above, Petitioner would respectfully urge this Honorable Court to grant his request for an evidentiary hearing, vacate the original judgment, and enter a new judgment from which an appeal can be taken to address his guidelines issues.

Respectfully submitted by,

Date: 2l- 10- 04

Petitioner, pro se
Fed. Reg. No. 23571-069
FCI Fort Dix (East)
P.O. Box 2000/Unit 5752
Fort Dix, NJ 08640

-17-

C E R T I F I C A T E    O F    S E R V I C E

I swear under the pains and penalties of perjury that
I have served a copy of my 28 U.S.C. §2255 petition and
memorandum of law on the United States Attorney's Office,
Ms. Irene C. Feldman, AUSA, District of Puerto Rico,
Federico Degetau Federal Building, Room 452, Carlos Chardon
Avenue, Huto Rey, Ruerto Rico 00918, via First Class, U.S.
Postal Mail.  Executed pursuant to 28 U.S.C. §1746.

Date: _21-10-04_____                _____

                                        Petitioner, pro se